| Minute Order Form (06/97) | | | |
|---|---|---|---|
| **United States District Court, Northern District of Illinois** |
| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 99 C 3593 | DATE | 9/3/2002 |
| CASE TITLE | \multicolumn{3}{l|}{Peter Aukstuolis vs. Harrah's Illinois Corp} |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **It is hereby ordered that Defendant's Motion for Summary Judgment is Granted (#8).**

(11) X [For further detail see order attached to) the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | SEP 0 5 2002 | |
| | Notified counsel by telephone. | | | date docketed | 34 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| AC6 | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER AUKSTUOLIS,            )
                             )
        Plaintiff,           )
                             )   Case No. 99 C 3593
   v.                        )
                             )   Magistrate Judge
HARRAH'S ILLINOIS CORP.,     )   Arlander Keys
d/b/a HARRAH'S CASINO-JOLIET,)
                             )
        Defendant.           )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Peter Aukstuolis, filed suit against Defendant, Harrah's Illinois Corp., d/b/a Harrah's Casino-Joliet, to recover for an injury he sustained during his employment on board Defendant's gaming vessel. Count I of Plaintiff's Complaint alleges that Defendant was negligent under the Jones Act. *See* 46 U.S.C. § 688, now codified at 46 App. U.S.C. § 688 (2002). Under Count II, Plaintiff contends that Defendant violated general maritime and admiralty laws by maintaining an unseaworthy vessel. Pursuant to Federal Rule of Civil Procedure 56(c), Defendant moves the Court for summary judgment. For the reasons set forth below, the Court grants Defendant's motion.

1

34

**STATEMENT OF UNDISPUTED FACTS**

On November 29, 1997, Plaintiff, Peter Aukstuolis, sustained a right elbow injury during the course of his employment while working on board the *M/V Southern Star II*, a gaming vessel ("Defendant's Vessel"), maintained and operated by Defendant, Harrah's Illinois Corp., d/b/a Harrah's Casino-Joliet. (Def.'s Local Rule 56.1 State. Uncontested Facts ("Def.'s 56.1 State.") ¶¶ 1, 2, 18.) On May 28, 1999, Mr. Aukstuolis filed a two-count complaint against Defendant, alleging negligence under the Jones Act, 46 App. U.S.C. § 688 (2002), and failure to maintain a seaworthy vessel under general maritime and admiralty law. (Def.'s 56.1 State. ¶ 1.)

Mr. Aukstuolis began his employment with Defendant in November 15, 1993, as a cage cashier on Defendant's Vessel. (Pl.'s Resp. Def.'s 56.1 State. ("Pl.'s Resp.") ¶ 9.) In June 1994, Mr. Aukstuolis was transferred to the slot department, where he worked as a slot host up to and beyond the time of his injury on November 29, 1997. (Def.'s 56.1 State. ¶ 10.) In November 1997, Mr. Aukstuolis' duties included handling jackpots, providing change to guests, performing "hopper fills," and filling reserve banks of slot machines with bags of tokens. (Pl.'s Resp. ¶ 11.)

On November 29, 1997, Mr. Aukstuolis sustained an injury to his right elbow as he inserted a 26-pound bag of $5 dollar coins

2

into the reserve compartment of one of the International Game Technology slant-top, video poker, slot machines (the "IGT Slot Machines"). (Def.'s 56.1 State. ¶ 18.) After undergoing a medical examination, Mr. Aukstuolis was diagnosed with right medical epicondylitis, an inflammation of the interior portion of the elbow. (Def.'s 56.1 State. ¶¶ 19, 20.)

In November 1997, David McDade, a slot performance supervisor, was responsible for the placement and reconfiguration of slot machines in the high limits room of Defendant's Vessel. (Def.'s Suppl. Local Rule 56.1 State. of Uncontested Facts [1] ("Def.'s Suppl. State.") ¶¶ 86, 87.) Since he began his employment for Defendant in May 1994 (Def.'s Reply Mem. Supp. Def.'s Mot. Summ. J. at 10, Ex. C ¶ 1), Mr. McDade has been aware of only two injuries, including Mr. Aukstuolis's injury, where the injured employee attributed fault to the straight-line configuration of the IGT Slot Machines. (Def. Suppl. State. ¶ 91.) The straight-line configuration of the IGT Slot Machines in the high limits room of Defendant's Vessel has always provided adequate space for employees to access and service the inner workings of the IGT Slot Machines. (Def.'s Suppl. State. ¶ 90.)

---

[1] The Court finds that Mr. Aukstuolis has admitted the facts set forth in Defendant's Supplemental Local Rule 56.1 Statement of Uncontested Facts, because Plaintiff failed to respond to Defendant's Supplemental Local Rule 56.1 Statement of Uncontested Facts, which the Court granted leave for Defendant to file via Agreed Order, entered on February 15, 2001. See Loc. R. 56.1 (b)(3)(B)(2002).

## **STANDARD OF REVIEW**

The Court will render summary judgment only if the pleadings and supporting documents show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (2002). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 681 (7th Cir. 1999).

The moving party in a motion for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party's burden is met, then the nonmoving party must set forth specific facts showing that there is a genuine issue for trial in order to survive summary judgment. *Schacht v. Wisconsin Dep't of Corrs.*, 175 F.3d 497, 504 (7th Cir. 1999).

Pursuant to Local Rule 56.1(a)(3), the party moving for summary judgment must provide a statement of material facts, which the moving party asserts contains no genuine factual dispute. The statement must be structured in the form of

numbered paragraphs. Loc. R. 56.1(a). The opposing party must respond to each paragraph by either admitting or denying the allegations and specifically citing to supporting materials showing that there is a genuine factual dispute. Loc. R. 56.1(b)(3)(A). The opposing party may file a statement of additional facts that would defeat summary judgment, using the same form of numbered paragraphs with supporting citations. Loc. R. 56.1(b)(3)(B). Finally, the moving party may file a reply to any additional facts submitted by the opposing party. Loc. R. 56.1(a).

In a summary judgment proceeding, the Court will disregard all facts not properly supported by the record. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997). Once properly supported, "all material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party." Loc. R. 56.1(b)(3)(B). Similarly, all material facts properly supported in the opposing party's Rule 56.1(b)(3)(B) statement "will be deemed admitted unless controverted by the (reply) statement of the moving party." Loc. R. 56.1(a). Failing to support one's statement with a citation to the record is equivalent to an admission of the other party's factual assertions. *Garrison v. Burke*, 165 F.3d 565, 567 (7th Cir. 1999). Whether the Court requires strict compliance with Local

Rule 56.1, or demands a less stringent standard, is discretionary. *Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1140 (7th Cir. 1997).

**DISCUSSION**

Mr. Aukstuolis contends that Defendant was negligent under the Jones Act, 46 App. U.S.C. § 688 (2002), by maintaining a straight-line configuration of the IGT Slot Machines in the high limits room of Defendant's Vessel. (Def.'s 56.1 State. ¶ 22, 23; Pl.'s Resp. Mem. Opp'n Def.'s Mot. Summ. J. at 10.) Mr. Aukstuolis also alleges that Defendant's Vessel was rendered unseaworthy under general maritime and admiralty laws by maintaining the straight-line configuration of the IGT Slot Machines. (Def.'s 56.1 State. ¶ 22, 23; Pl.'s Resp. Mem. Opp'n Def.'s Mot. Summ. J. at 15.)

I. **Count I - Jones Act**

Any seaman who suffers a personal injury in the course of his employment may bring an action for damages against the shipowner under the Jones Act. 46 App. U.S.C. § 688. In order to prevail, the seaman must show that his injuries resulted "in whole or in part from the negligence of any officers, agents, or employees of [the shipowner]." 45 U.S.C. § 51 (2002). Negligence may arise from a failure to remedy a dangerous condition on or about the vessel, a failure to supervise or instruct seaman about the safe methods they can employ to carry

6

out their duties, or any other breaches of the shipowner's duty of care. *Haynes v. Harrah's Casino Joliet*, No. 99 C 5546, 2001 WL 1464735, at *3 (N.D. Ill. Nov. 16, 2001). Pursuant to the Jones Act, a plaintiff must show: (1) personal injury in the course of his employment; (2) negligence by his employer; and (3) causation to the extent that his employer's negligence was the cause "in whole or in part" of his injury. *Knight v. Grand Victoria Casino*, No. 98 C 8439, 2000 WL 1434151, at *3 (N.D. Ill. Sept. 27, 2000). A plaintiff cannot rely on the occurrence of an injury to demonstrate a defendant's negligence. *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994) (holding that the basis of liability under the Jones Act remains grounded in negligence and not on the fact that injuries occur).

Mr. Aukstuolis' contention that Defendant was negligent under the Jones Act lacks sufficient evidentiary support to withstand Defendant's Motion for Summary Judgment. The crux of Mr. Aukstuolis' allegation is that the straight-line configuration of the IGT Slot Machines in the high limits room of Defendant's Vessel did not provide employees with adequate space to access the reserve compartment. However, by failing to respond to Defendant's Supplemental Local Rule 56.1 Statement of Uncontested Facts, Mr. Aukstuolis admits that the straight-line configuration of the IGT Slot Machines in the high limits room of Defendant's Vessel has always offered adequate space for

employees to access and service the inner workings of the IGT Slot Machines. Thus, Mr. Aukstuolis' willing or unwitting admission is equivalent to a withdrawal of his allegation that Defendant was negligent. Mr. Aukstuolis can no longer demonstrate that Defendant was negligent in maintaining its IGT Slot Machines in a straight-line configuration in the high limits room of Defendant's Vessel. Therefore, the Court holds that the evidence presented by Mr. Aukstuolis is insufficient to show that a reasonable jury could find that Defendant was negligent under the Jones Act.

## II. Count II - General Maritime and Admiralty Laws

General maritime and admiralty law imposes an absolute duty on the shipowner to provide a seaworthy vessel. *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 549 (1960); *see also Putnam v. Empress Casino Joliet*, No. 01 C 4245, 2002 WL 424626, at *5 (N.D. Ill. March 19, 2002). A vessel is seaworthy if the vessel itself, its appurtenances, and its crew are reasonably fit for its intended use or service. *Mitchell*, 362 U.S. at 550; *Putnam*, 2002 WL 424626, at *5.

Mr. Aukstuolis' contention that Defendant failed to maintain a seaworthy vessel under general maritime and admiralty laws lacks sufficient evidentiary support to withstand Defendant's Motion for Summary Judgment. Mr. Aukstuolis' allegation of Defendant's failure to maintain a seaworthy vessel is based on

8

the same evidence used to support his allegation of Defendant's negligence under the Jones Act. Therefore, given Mr. Aukstuolis' self-defeating admission noted above, the Court holds that the evidence presented by Mr. Aukstuolis is insufficient to show that a reasonable jury could find that Defendant's Vessel was unseaworthy.

## ORDER

For the reasons stated above, the Court grants Defendant's Motion for Summary Judgment.

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment be, and the same hereby is, **GRANTED**.

Dated: September 3, 2002     ENTER:

_____
ARLANDER KEYS
Unites States Magistrate Judge